IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ISMAEL HERNANDEZ PADILLA,<br>    ID #356764,<br>        Plaintiff, | )<br>)<br>)<br>) | |
| vs. | ) | No. 3:18-CV-549-M-BH |
| | ) | |
| LORIE DAVIS, Director,<br>Texas Department of Criminal<br>Justice, Correctional Institutions<br>Division, et al.,<br>        Defendants. | )<br>)<br>)<br>)<br>) | <br><br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this pro se prisoner case has been automatically referred for full case management. Based on the relevant filings and applicable law, the case should be summarily **DISMISSED** as barred by the "three-strikes" rule of 28 U.S.C. § 1915(g) unless the plaintiff timely pays the filing fee.

**I.  BACKGROUND**

On March 9, 2018, Ismael Hernandez Padilla, (Plaintiff), an inmate at the Texas Department of Criminal Justice (TDCJ) Connolly Unit, filed a complaint under 42 U.S.C. § 1983 against Lorie Davis, Director of the Texas Department of Criminal Justice (TDCJ), Correctional Institutions Division; the 203rd District Court; the Dallas Public Defender's Office; the 5th Judicial District Court; and the City of Dallas (Defendants). (doc. 2 at 1, 4.)[1] He contends that the court defendants conspired with the Public Defender's Office to obtain his guilty pleas by deception because there was insufficient evidence to convict him. (*Id.* at 5, 8.) He also claims that he has been denied due

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

process.  (*Id.* at 8.)

Petitioner was convicted of aggravated robbery and rape in Cause Nos. F83-88766-UP and F82-90756-RP in Dallas County, Texas, on May 3, 1983, and was sentenced to fifty years and twenty years of imprisonment, respectively. *See Padilla v. Stephens*, No. 3:14-CV-295-N-BH, 2014 WL 1016096, at *2 (N.D. Tex. March 14, 2014).  He has filed numerous state writs of habeas corpus challenging these convictions and the denial of parole that have been denied on their merits by the Texas Court of Criminal Appeals or dismissed as abuses of the writ.  (*See id.*)  He has also filed multiple federal habeas petitions challenging his convictions and the denial of parole that were either denied on their merits, denied as time-barred, or dismissed or transferred to the Fifth Circuit as successive petitions.  (*See id.*)  No process has been issued.

## II.  THREE STRIKES

As a prisoner seeking to proceed *in forma pauperis*, Plaintiff's action is subject to review under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915.  Because he is a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is also subject to preliminary screening under 28 U.S.C. § 1915A.  *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam).  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible

2

on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Section 1915(g) of the PLRA, known as the "three-strikes" provision, provides that inmates may not proceed without the prepayment of fees if they have previously brought three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless they are in imminent danger of serious physical injury. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

Here, Plaintiff has had at least three prisoner civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Padilla v. Pride-Richardson,* 533 F. App'x 442, 442-43 (5th Cir. 2013) (per curiam) ("reiterat[ing] that Padilla is barred from proceeding IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he 'is under imminent danger of serious physical injury.'"). Under § 1915(g), he may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury. He has made no allegations suggesting that he is in imminent danger of serious physical injury, so he must prepay the filing fee before he may proceed with his case.

### III. RECOMMENDATION

The plaintiff's claims should be summarily **DISMISSED** without prejudice under 28 U.S.C. § 1915(g), unless he pays the full $400 filing fee[2] prior to acceptance of this recommendation or

---

[2] As of May 1, 2013, a $50 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $400 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account. *See id.* The $50 administrative fee will not be deducted. *Id*.

before a deadline otherwise established by the Court.

**SIGNED this 12th day of March, 2018.**

                                                  IRMA CARRILLO RAMIREZ
                                        UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                  IRMA CARRILLO RAMIREZ
                                        UNITED STATES MAGISTRATE JUDGE